UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TERESA RICHTER,                                              CASE NO.:

    Plaintiff,

vs.

KOPURI ORTHODONTIST, P.A.
d/b/a CENTRAL FLORIDA
ORTHODONTIC SPECIALISTS,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, **TERESA RICHTER,** states and alleges as follows:

### JURISDICTION AS TO ALL COUNTS

1. This action arises under the provisions of the Federal Equal Employment Opportunities Act, 42 U.S.C. section 2000 e. et. seq., and the Federal Pregnancy Discrimination Act of 1978, 42 U.S.C. section 2000 e- et seq.

2. At all times alleged hereto Plaintiff, TERESA RICHTER was a resident of the State of Florida.

3. Plaintiff, TERESA RICHTER, a female, is an individual whose status is protected pursuant to the Federal Equal Employment Opportunities Act, 42 U.S.C. section 2000 e- et seq. and the Federal Pregnancy Discrimination Act of 1978, 42 U.S.C. section 2000 e- et seq.

4. At all times alleged hereto Defendant KOPURI ORTHODONDIST, P.A., was a professional association organized pursuant to the laws of the State of Florida.

5. At all times alleged hereto, Defendant KOPURI ORTHODONDIST, P.A., was an

1

employer as defined pursuant to the Federal Equal Employment Opportunities Act, 42 U.S.C. section 2000 e- et seq. and the Federal Pregnancy Discrimination Act of 1978, 42 U.S.C. section 2000 e- et seq.

6. Any and all allegations alleged hereto occurred at Defendant's place of business located at 730 San Lake Rd., Suite 124, Orlando, FL 32809.

7. Prior to filing this action, on or about April 30, 2019, Plaintiff filed charges of sex and pregnancy discrimination with the Federal Equal Employment Opportunity Commission pursuant to 42 U.S.C. §2000(e).

8. A Notice of Right to Sue was issued by the Federal Equal Employment Opportunity Commission on or about May 22, 2019. Plaintiff has filed his action within 90 days of receipt of the Right to Sue and exhausted all administrative remedies prior to filing this action. See attached exhibit "A".

## COUNT I – SEX DISCRIMINATION

9. Plaintiff, **TERESA RICHTER** was previously employed by the Defendant, KOPURI ORTHODIST, P.A., d/b/a CENTRAL FLORIDA ORTHODONTIC SPECIALIST, from on or about 2015, until the date of Plaintiff's termination of on or about January 24, 2019..

10. At the time that the Plaintiff was last employed by the Defendant, Plaintiff held the position of office manager for Defendant's professional orthodontic practice

11. Prior to Plaintiff's termination from employment, Plaintiff informed the Defendant that Plaintiff was pregnant.

12. During the course of Plaintiff's pregnancy, Defendant requested that Plaintiff train another employee to perform Plaintiff's job duties.

13. Plaintiff proceeded to train that employee.

14. Despite training, the trainee had difficulties learning the duties of the position.

15. Plaintiff informed the Defendant that this individual was having difficulty performing the job duties and had been unprofessional in the workplace.

16. Defendant indicated Plaintiff's hours would be decreased, and sent the Plaintiff home.

17. Plaintiff was then terminated from employment with reasons given the Plaintiff had been talking on her phone, had refused to train the employee, and was not professional to Defendant's Hispanic patients.

18. The individual who whom Plaintiff had trained, who was not pregnant, and who was less qualified than the Plaintiff, assumed Plaintiff's job duties.

19. Defendant's reasons for a meeting Plaintiff from employment were false.

20. Plaintiff was terminated based upon Plaintiff's pregnancy in violation of the Federal Equal Employment Opportunities Act, 42 U.S.C. section 2000 e- et seq. and the Federal Pregnancy Discrimination Act of 1978, 42 U.S.C. section 2000 e- et seq.

21. Plaintiff's termination from employment by Defendant was willful and intentional.

22. At all times alleged hereto, Plaintiff performed Plaintiff's job duties for the Defendant in a successful and satisfactory manner.

23. As a result of Plaintiff's wrongful termination, Plaintiff has suffered lost wages and the value of benefits which would have been earned and accrued had Plaintiff remained employed by the Defendant. Plaintiff will suffer those losses in the future. Plaintiff has additionally suffered mental anguish and humiliation.

24. Plaintiff has retained undersigned counsel to represent Plaintiff in this matter agreed to pay

counsel a reasonable fee.

**WHEREFORE**, Plaintiff demands judgment for the following:

a) That the Court award Plaintiff sums for unpaid back wages and future wages, and the value of lost past and future benefits.

b) That the Court award Plaintiff damages for mental anguish and humiliation.

c) That the Court award punitive damages.

d) That the Court award Plaintiff reasonable attorney's fees pursuant to 42 U.S.C. section 2000 e- et. seq. and costs of this action.

e) That the Court award such other and further relief as may be just and equitable in the circumstances.

f) Trial by jury.

Respectfully submitted this 29th day of July, 2019

/s/ David W. Glasser
DAVID W. GLASSER, ESQUIRE
Fla. Bar No. 780022
116 Orange Avenue
Daytona Beach, FL 32114
Telephone: (386) 252-0175
Facsimile: (386) 257-0246
Email: David@dglasserlaw.com
legal@dglasserlaw.com
Attorney for Plaintiff

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Teresa Richter
8801 El Prado Avenue
Orlando, FL 32825

From: Tampa Field Office
501 East Polk Street
Room 1000
Tampa, FL 33602

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 511-2019-02595 | Jahaira Quintana, Investigator | (813) 202-7940 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (*briefly state*)

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Evangeline Hawthorne*     5/22/19

Evangeline Hawthorne,
Director

(Date Mailed)

Enclosures(s)

cc: **CENTRAL FLORIDA ORTHODONTIC SPECIALIST**
730 Sandlake Road
Suite 124
Orlando, FL 32809

**EXHIBIT a**